IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTOINE SPANN, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL NO. 23-1566 |
| | : | |
| SUPREME COURT OF | : | |
| PENNSYLVANIA, DEPUTY | : | |
| PROTHONOTARY, *et al.*, | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this **21st** day of **July, 2023**, upon consideration of Plaintiff Antoine Spann's Motion to Proceed *In Forma Pauperis* (ECF No. 2), his Prisoner Trust Fund Account Statement (ECF No. 4), and his *pro se* Complaint (ECF No. 3), it is **ORDERED** that:

1.       Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.       Antoine Spann, # BT-2257, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case.  The Court directs the Superintendent of SCI Pine Grove or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Spann's inmate account; or (b) the average monthly balance in Spann's inmate account for the six-month period immediately preceding the filing of this case.  The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case.  In each succeeding month when the amount in Spann's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Spann's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

3.    The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Pine Grove.

4.    The Clerk of Court is **DIRECTED** to correct the docket to list the Pennsylvania Supreme Court and Phoenicia D.W. Wallace, the Deputy Prothonotary of the Pennsylvania Supreme Court, as separate Defendants.

5.    The Complaint is **DEEMED** filed.

6.    The Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) for the reasons stated in the Court's Memorandum as follows:

        a.    Spann's request for relief in the form of his release from custody, the claim against the Pennsylvania Supreme Court, the due process claim arising from the manner in which Spann's state *habeas* petition was processed, any claim based on the filing of grievances, the First Amendment access-to-the-courts claim, the claim against Defendant Emily Finander, Esquire of the Defender Association of Philadelphia, and Spann's claim that he has been kidnapped are **DISMISSED WITH PREJUDICE**.

        b.    Spann's First Amendment claim based on interference with his legal mail while at SCI Pine Grove is **DISMISSED WITHOUT PREJUDICE**.  Spann is granted leave to file an amended complaint limited to seeking money damages on this First Amendment legal mail claim if he is capable of curing the defects the Court has identified in the claim.

7.    The Clerk of Court is **DIRECTED** to terminate as Defendants (1) the Supreme Court of Pennsylvania; (2) Phoenicia D.W. Wallace, the Deputy Prothonotary of the Pennsylvania

Supreme Court; (3) SCI Forest Superintendent Michael D. Overmyer; (4) Timothy Holmes, Esq. of the Pennsylvania Department of Corrections ("DOC"); (5) Pennsylvania Attorney General Josh Shapiro; (6) foexit full rmer SCI Forest Superintendent Derek R. Oberlander; (7) former Secretary of the Pennsylvania Department of Corrections John E. Wetzel; (8) Emily Finander, Esq. of the Defender Association of Philadelphia; (9) Keri Moore of the Pennsylvania DOC Office of Inmate Grievance Appeals; (10) Laura Felps of the Office of Judicial Records of the Philadelphia Court of Common Pleas; (11) L. Reeher of SCI Forest; (12) Mrs. Peterson of SCI Forest, and (13) Rebeca A. Rohrman of the Agency Open Records Office of the Pennsylvania Department of State.

8.      Spann may file an amended complaint within thirty (30) days of the date of this Order to attempt to cure the defects the Court has identified in the one remaining claim in this case, namely Spann's allegation of interference with his legal mail while at SCI Pine Grove against Defendants Lee J. Estock of SCI Pine Grove, SCI Pine Grove Security Captain E Box, L. Bradley of SCI Pine Grove, and J. Purcell of SCI Pine Grove. **Spann may not attempt to reassert any claim that has already been dismissed with prejudice or rename any Defendant already terminated from this case**. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Spann's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Spann should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

9.      The Clerk of Court is **DIRECTED** to send Spann a blank copy of the Court's form complaint for a prisoner filing a civil rights action **bearing the above civil action number**.  Spann may use this form to file his amended complaint in this case if he chooses to do so.  The Clerk of Court is further **DIRECTED** to send Spann a blank copy of this Court's current standard form for filing a petition pursuant to 28 U.S.C. § 2254, **bearing Civil Action Number 23-237**, *Spann v. Supreme Ct. of Pennsylvania*.

10.     If Spann intends to pursue *habeas corpus* relief in Civil Action Number 23-237 pursuant to 28 U.S.C. § 2254, he shall complete the Court's current standard form § 2254 petition, sign the completed petition, and return it to the Clerk of Court along with a Motion seeking to reopen Civil Action Number 23-237 within thirty (30) days of the date of this Order.

11.     If Spann does not wish to amend his Complaint **in this case** and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

12.     If Spann fails to file any response to this Order, the Court will conclude that Spann intends to stand on his Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

**HON. KAI N. SCOTT**
**United States District Court Judge**

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).